```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
GARY W. NASH, et al.,

        Plaintiffs,

v.                              CASE NO.   8:07-CV-1779-T-17TGW

PUBLIX SUPER MARKETS,
INC., et al.,

        Defendants.


_____/


                                ORDER

     This cause is before the Court on:

     Dkt. 32  Deposition - Nash
     Dkt. 33  Deposition - Nash
     Dkt. 34  Deposition - Nash
     Dkt. 35  Deposition - Nash
     Dkt. 36  Deposition - Nash
     Dkt. 37  Deposition - Nash
     Dkt. 64  Motion for Summary Judgment -Publix
     Dkt. 65  Motion for Summary Judgment - Divine Providence
     Dkt. 66  Motion for Partial Summary Judgment - Plaintiffs
     Dkt. 67  Deposition - Miles
     Dkt. 68  Deposition - Miles
     Dkt. 69  Deposition - Lockos
     Dkt. 70  Deposition - Lockos
     Dkt. 71  Deposition - Lockos
     Dkt. 72  Deposition - Lockos
     Dkt. 73  Deposition - Folsom
     Dkt. 74  Deposition - Williams
     Dkt. 75  Deposition - Hawthorne
     Dkt. 76  Deposition - Miles
     Dkt. 77  Deposition - Morris
     Dkt. 82  Response
     Dkt. 83  Response
     Dkt. 84  Notice - Exhibits
     Dkt. 85  Notice - Exhibits
     Dkt. 86  Response
     Dkt. 87  Notice
```

Case No. 8:07-CV-1779-T-17TGW

This case is proceeding on the Second Amended Complaint (Dkt. 12), which contains the following causes of action:

| | | |
|---|---|---|
| Count I | Malicious Prosecution | Publix |
| Count II | Malicious Prosecution | Divine Providence |
| Count III | Loss of Consortium | Publix |
| Count IV | Loss of Consortium | Divine Providence |
| Count V | 42 U.S.C. Sec. 1983 Malicious Prosecution | William Miles, Ind. |
| Count VI | Loss of Consortium | William Miles |
| Count VII | 42 U.S.C. Sec. 1983 | Publix |
| Count VIII | Loss of Consortium | Publix |

I. Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56( c).

> "The plain language of Rule 56©) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences

2

are resolved in favor of the non-movant.  See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See Anderson, 477 U.S. at 248.  But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted."  Id. at 249-50.

II.  Statement of Facts

   Before Publix representatives contacted the Florida Department of Law Enforcement to report stolen merchandise, Charles Soost told Publix representatives that Publix brand goods were available for sale or trade on the secondary or salvage market.

   Publix Loss Prevention Specialist John Hawthorne investigated Mr. Soost's statements, and confirmed that Plaintiff Nash was offering Publix private label brand goods for sale or trade.  (Dkt. 34, pp. 160-61, 163 (Nash Deposition)).  Publix then informed law enforcement of Plaintiff Nash's activities.

   In his deposition, Plaintiff Gary Nash acknowledged that Publix private label brand goods were present within the goods Plaintiff Nash offered for trade.  (Dkt. 33, pp. 61-63, 86, 100; Dkt. 34, pp. 160-61, 163, 164-5 (Nash Depositions); Dkt. 44-2 (Nash Affidavit)).

   William Miles, agent for the Florida Department of Law Enforcement, conducted an investigation of the sale or trade of Publix private label brand goods on the salvage market.  After an

3

Case No. 8:07-CV-1779-T-17TGW

initial conversation with Joe Williams, Regional Loss Prevention Manager for Publix, William Miles reviewed Publix Damage Return Center ("DRC") receipts and Divine Providence Food Bank receipts, and other initial investigatory steps, William Miles determined that there was probable cause for the FDLE to initiate an investigation into Publix's concerns. (Dkt. 64-4, Miles Affidavit).

In the course of his investigation, William Miles interviewed Sherryl Herbert, Executive Director of Divine Providence Food Bank. Sherryl Herbert identified Ramone Antonio Martinez as the only truck driver employed by Divine Providence Food Bank, and who was responsible for picking up donated product from the Publix DRC and delivering it to Divine Providence Food Bank's warehouse in Tampa. Sherryl Herbert told Williams Miles that Plaintiff Gary Nash was a "hog man" i.e. allowed to pick up goods from the Divine Providence Food Bank that had become unfit for human consumption, but which could be used for animal feed, and also told William Miles that Plaintiff Nash was not authorized to pick up goods donated to Divine Providence Food Bank from the Publix DRC.

William Miles also interviewed Henry Folsom, Department Head of the Publix Damage Return Center. When William Miles showed Henry Folsom a picture of Plaintiff Nash, Henry Folsom correctly identified the person in the photograph as Plaintiff Gary Nash. Henry Folsom described the process by which product was picked up, and identified the drivers. When Henry Folsom notified William Miles that product was being picked up, William Miles and other FDLE agents attempted to conduct surveillance of the truck, but the truck had already departed from the Publix DRC. Divine

4

Case No. 8:07-CV-1779-T-17TGW

Providence Food Bank never received the load of product dispatched from the Publix DRC. William Miles and other FDLE agents conducted surveillance of other product pick-ups.

Through his investigation, William Miles determined that Ramone Antonio Martinez, Gary Wayne Nash, the other drivers "two Joes," and Robert A. Faedo had conspired to steal the Publix donated product intended for Divine Providence Food Bank, including Publix private label donated product, and sell it on the salvage market.

William Miles presented his findings and recommendations to his supervisor for review and approval. Following this review, William Miles' recommendations were presented to the Florida Statewide Prosecutor for further review and approval. The Florida Statewide Prosecutor approved the investigative findings of the FDLE, and presented the matter to the Grand Jury. The Grand Jury issued an indictment of Plaintiff Gary Wayne Nash, charging him with third degree grand theft, dealing in stolen property, second degree grand theft, organized fraud over $50,000, conspiracy to commit RICO violations, and RICO violations.

William Miles attested that even if he had been told Plaintiff Gary Nash was authorized to pick up donated products at the Publix DRC on behalf of Divine Providence Food Bank, he would still have investigated, and would have recommended the arrest and prosecution of Plaintiff Gary Nash.

William Miles further attested that the decision to investigate, arrest and prosecute Plaintiff Gary Nash did not

5

Case No. 8:07-CV-1779-T-17TGW

depend on whether Divine Providence Food Bank knew or should have known that Plaintiff Nash was picking up product donated to Divine Providence Food Bank directly from Publix.

Williams Miles attested that once FDLE began its investigation of Plaintiff Gary Nash, Publix and Divine Providence Food Bank provided information and assistance only when prompted by a specific request from FDLE.

William Miles attested that neither Publix nor Divine Providence Food Bank directed the investigation of Plaintiff Gary Nash, and neither entity made the decision to arrest and prosecute Plaintiff Gary Nash. William Miles further attested that the decision to arrest and prosecute Plaintiff Nash was solely the result of the independent investigation conducted by FDLE, with review by FDLE supervisors, the Office of the Statewide Prosecutor, and the Grand Jury. (Dkt. 64-4, Miles Affidavit).

After the Statewide Prosecutor issued an Information charging Plaintiff Gary Nash and others, Case No. 00-CF-008463 was commenced in Hillsborough County Circuit Court, <u>State of Florida v. Robert Adrian Faedo, et al.</u> In that case, Robert Faedo pled guilty and was convicted. Robert Martinez confessed, but became a fugitive. Both Faedo and Martinez denied Plaintiff Nash's involvement in the conspiracy after they were arrested. A "nolle prosequi" was entered as to some counts in the prosecution of Plaintiff Nash, and Plaintiff Nash received a "not guilty" verdict in the remaining counts.

Case No. 8:07-CV-1779-T-17TGW

Plaintiffs Gary Nash and Beverly J. Nash commenced this case on November 18, 2005, in Hillsborough County Circuit Court, Case No. 05-10298. The case was removed to this Court on September 28, 2007. The Second Amended Complaint was filed on October 5, 2007. The Court granted Defendant William Miles' Motion to Dismiss on the basis of qualified immunity on July 7, 2008. (Dkt. 29). The Court found that Defendant Miles's investigation was sufficient, and the warrant was supported by arguable probable cause.

III. Discussion

Under Florida law, a plaintiff must establish six elements to prove a claim for malicious prosecution: 1) an original judicial proceeding against the present plaintiff was commenced or continued; 2) the present defendant was the legal cause of the original proceeding; 3) the termination of the original proceeding constituted a bona fide termination of the proceeding in favor of the present plaintiff; 4) there was an absence of probable cause for the original proceeding; 5) there was malice on the part of the present defendant; and 6) the plaintiff suffered damages as a result of the original proceeding. See Kingsland v. City of Miami, 383 F.3d 1220, 1234 (11th Cir. 2004).

A.  Counts I and II

Defendant Publix Super Markets, Inc. ("Publix") and Defendant Divine Providence, Inc. d/b/a Divine Providence Food Bank/America's Second Harvest of Tampa Bay ("Divine Providence"), have moved for entry of summary judgment as to Plaintiff Gary Nash's cause of action for malicious prosecution.

7

Case No. 8:07-CV-1779-T-17TGW

1. Publix

Defendant Publix argues that Plaintiffs cannot establish that Publix lacked probable cause, that the conduct of Publix was the legal cause of the prosecution; and the presence of malice.

a. Probable Cause

The issue of probable cause should be inferred from a set of undisputed facts and is a matter of law to be determined by the Court. See Alamo Rent-a-Car, Inc. v. Mancusi, 632 So.2d 1352, 1357, (Fla. 1994). "A 'reasonable person' basis is used to evaluate the existence of probable cause. When the facts and circumstances are sufficient to lead an ordinarily prudent and cautious person to believe that an offense has been or is being committed, actual probable cause exists." Smith v. Vaughn, 946 F.Supp. 957, 961 (M.D. Fla. 1996)(internal citations omitted). The determinative factor as to the existence of probable cause is whether the suit was brought with a reasonable prospect of success. See Southland Corp v. Bartsch, 522 So.2d 1053, 1055 (Fla. 5th DCA 1988). The filing of an information in a criminal prosecution serves as evidence of probable cause. Phelan v. City of Coral Gables, 415 So.2d 1292, 1295 (Fla. 3d DCA 1982). Where no evidence is presented to establish that the criminal charges lacked a probable foundation, summary judgment on the malicious prosecution claim is proper. See Phelan v. City of Coral Gables, 415 So.2d at 1294.

Mere possession of stolen or unlawfully obtained personal property can constitute probable cause for a criminal proceeding

8

Case No. 8:07-CV-1779-T-17TGW

sufficient to defeat a subsequent claim for malicious prosecution. See Kmart Corp. v, Cullen, 693 So.2d 1038 (Fla. 3d DCA 1997), rev. denied, 700 So.2d 684 (Fla. 1997).

Defendant Publix argues that the relevant facts in this case demonstrate Plaintiff Gary Nash's removal and possession of stolen or unlawfully detained personal property. Based on the information Publix was provided by third parties and Publix's subsequent investigation of the allegations, including statements made by Plaintiff Gary Nash, Defendant Publix argues that Publix had probable cause to report Plaintiff Nash's activity and to cooperate in any subsequent investigation.

b. Legal Causation

Under Florida law:

> "The general rule is that if the defendant merely gives a statement to the proper authorities, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer or if the officer makes an independent investigation, the defendant is not regarded as having instigated the proceeding. However, if the defendant's persuasion is the determining factor in inducing the officer's decision or if he gives information which he knew to be false and so unduly influences the authorities, then the defendant may be liable."

See Orr v. Belk Lindsey Stores, Inc., 462 So.2d 112, 114 (Fla. 5th DCA 1985).

9

Case No. 8:07-CV-1779-T-17TGW

Defendant Publix argues that Plaintiff Gary Nash cannot establish that Publix's report to FDLE Agent William H. Miles was the legal cause of his prosecution. Agent Miles conducted an independent investigation, and thereafter provided information and assistance to the FDLE only when prompted by a specific request. Defendant Publix further argues that Defendant Publix did not direct the investigation or arrest of Nash, nor did Defendant Publix make the decision to arrest or prosecute Plaintiff Gary Nash. The decision to prosecute Plaintiff Gary Nash was a result of the independent investigation of Agent Miles, the findings of which were reviewed by supervisors within the FDLE and then presented to the Florida Statewide Prosecutor. The Florida Statewide Prosecutor further reviewed and approved the recommendations, and presented the matter to the Grand Jury, which issued an indictment against Plaintiff Gary Nash.

2. Divine Providence

Defendant Divine Providence argues that Divine Providence did not initiate the investigation against Plaintiff Gary Nash, and did not participate in the investigation until after FDLE approached Divine Providence. Defendant Divine Providence further argues that the information which Divine Providence provided to the authorities, which Plaintiff Nash claims was false, was unrelated to the charges brought against Plaintiff Nash. Defendant Divine Providence argues that Divine Providence was not the legal cause of the investigation of Plaintiff Nash, his arrest, or his prosecution.

Defendant Divine Providence further argues that the facts and circumstances underlying the prosecution of Plaintiff Gary

10

Case No. 8:07-CV-1779-T-17TGW

Nash support the FDLE's and OSP's conclusion that there was probable cause to investigate, arrest, and prosecute Plaintiff Gary Nash.

Defendant Divine Providence further argues that Plaintiff Nash has not produced any evidence that Defendant Divine Providence acted with malice.

Defendant Divine Providence requests entry of summary judgment as a matter of law.

After consideration of the undisputed facts, the Court **grants** Defendants' Motions for Summary Judgment as to malicious prosecution, based on the presence of probable cause and because Plaintiff Nash cannot establish legal causation. The Court **denies** Plaintiffs' Motion for Partial Summary Judgment as to Counts I and III.

B. Counts III and IV

Counts III and IV are loss of consortium claims asserted by Plaintiff Beverly Nash against Defendants Publix and Divine Providence.

Loss of consortium claims are derivative claims. See Commercial Clean-Up Enterprises, Inc. v. Holmquist, 597 So.2d 343, 344 (Fla. 2d DCA 1992).

Because the Court has granted Defendants' Motions for Summary Judgment as to malicious prosecution, the Court **grants** the Motions for Summary Judgment as to loss of consortium.

Case No. 8:07-CV-1779-T-17TGW

C. Counts V and VI

The Court previous dismissed the claims against Defendant Miles on the basis of qualified immunity. (Dkt. 29).

D. Counts VII and VIII

Plaintiff Gary Nash has asserted a malicious prosecution claim under 42 U.S.C. Sec. 1983 against Defendant Publix, and Plaintiff Beverly Nash asserts a loss of consortium claim based on the federal malicious prosecution claim.

To establish a malicious prosecution claim under 42 U.S.C. Sec. 1983, a plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures, [and] the elements of the common law tort of malicious prosecution. <u>Wood v. Kesler</u>, 323 F.3d 872, 881 (11th Cir. 2003).

Defendant Publix argues that Plaintiff Gary Nash cannot establish the absence of probable cause, and cannot demonstrate that Defendant Publix is a state actor for purposes of liability under Section 1983.

For probable cause to exist....an arrest must be objectively reasonable based on the totality of the circumstances. <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1194-95 (11th Cir. 2002).  Probable cause is established when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe,

Case No. 8:07-CV-1779-T-17TGW

under the circumstances shown, that the suspect has committed or is about to commit an offense." Rankin v. Evans, 133 F.3d 1425, 1435 (11th Cir. 1998)(quoting Williamson v. Mills, 65 F.3d 155, 158 (11th Cir. 1995).

In the Eleventh Circuit, three tests govern decisions as to whether a private actor has become a state actor: the public function test, the state compulsion test, and the nexus/joint action test.

The public function test is narrow and covers private actors who perform functions that are traditionally the exclusive prerogative of the state. Merely showing that a private person performs a public function is not enough to establish state action. See Rendell-Baker v. Kohn, 457 U.S. 830. 842 (1974).

The state compulsion test asks whether the state has exercised coercive power or has provided such significant encouragement, either cover or overt, that a private actor's choice must be deemed to be that of the state. National Broad. Co. Inc. ("NBC") v. Communications Workers of Am., AFL-CIO, 860 F..2d 1022, 1025 (11th Cir. 1998)(citing San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee, 483 U.S. 522, 546 (1987).

Under the nexus/joint action test, the Court asks whether the state has intertwined itself with the private actor to such an extent that the state was a joint participant in the enterprise. San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee, 483 U.S. 522, 546 (1987). To charge a private party with state action under this standard, the governmental body and

13

Case No. 8:07-CV-1779-T-17TGW

private party must be intertwined in a symbiotic relationship, and the symbiotic relationship must involve the specific conduct of which the plaintiff complains. Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1278 (11th Cir. 2003)(internal citations omitted).

Defendant Publix argues that Publix did not become a state actor. Defendant Publix is a business owner that sells retail products, and when Defendant took reasonable action to address theft and diversion of its product, Defendant, as a business owner, was not performing a function traditionally the exclusive prerogative of the state.

Defendant Publix argues that Defendant Publix could not be a state actor pursuant to the nexus/joint action test. Defendant Publix conducted an independent investigation, and provided assistance in the subsequent independent investigation by FDLE. Defendant Publix did not take direct, take over, control, push or drive the state's investigation. Defendant Publix further argues that after conducted an independent investigation, confirming Plaintiff Gary Nash's possession of Publix brand goods, and his expressed intention to sell or trade those goods, Defendant Publix did not detain or arrest Plaintiff Gary Nash.

Defendant Publix argues that the mere reporting of suspicious activity, after Publix had probable cause to suspect that theft was occurring, and subsequent cooperation with law enforcement, does not rise to the level of conduct necessary to show state action on behalf of Defendant Publix.

14

Case No. 8:07-CV-1779-T-17TGW

The Court notes that there is a reference in the record that Plaintiffs previously moved to dismiss Counts VII and VIII. (Dkt. 47). After objection by Defendants, the Court denied the Motion to Dismiss and Motion to Remand.

The presence of probable cause is an absolute bar to a Section 1983 claim for malicious prosecution. Based on the presence of probable cause, and the absence of state action, the Court **grants** Defendant Publix's Motion for Summary Judgment as to Count VII, Malicious Prosecution under 42 U.S.C. Sec. 1983, and Count VIII, loss of consortium. Accordingly, it is

**ORDERED** that Defendants' Motions for Summary Judgment are **granted** (Dkts. 64, 65). Plaintiffs' Motion for Partial Summary Judgment is **denied**. The Clerk of Court shall enter a final judgment in favor of Defendants Publix Super Markets, Inc. and Divine Providence, Inc., d/b/a Divine Providence Food Bank/America's Second Harvest of Tampa Bay. Defendant William H. Miles was previously dismissed. The Clerk of Court shall close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 26th day of March, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

15